**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.  **5:25-cv-02025-DTB**                          Date: **April 14, 2026**

Title: **Deborah Lynn Teplitzky v. Costco Wholesale Corporation, et al.**
===============================================================

**DOCKET ENTRY**
===============================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                                      n/a
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT(S):
None present                                    None present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DOCKET NO. 11]**

**I.**
**PROCEEDINGS**

On June 13, 2025, plaintiff Deborah Lynn Teplitzky ("Plaintiff"), represented by counsel, filed a Complaint and a Statement of Damages in Riverside County Superior Court, naming as defendants Costco Wholesale Corporation, Tammi Campbell ("Campbell"), and DOES 1 through 100, inclusive. (Docket No. 1 at 7-12, 14-15).[1]  The gist of the Complaint is that on or about May 5, 2025, Plaintiff slipped and fell on a substance on the floor of the dairy freezer area at the Costco store located in Palm Desert, California.  (Id. at 7, 9).  The Complaint alleges the following claims against all defendants:  Premises liability and general negligence.  (Id. at 9-11) Plaintiff seeks, among other things, compensatory, general, and special damages and loss of earnings. (Id. at 12, 15).

On September 4, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Costco Wholesale Corporation ("Defendant") removed the action to this Court based on diversity of citizenship.  (Docket No. 1).

---

1       For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

MINUTES FORM 11                                  Initials of Deputy Clerk  RAM
CIVIL-GEN

On September 4, 2025, pursuant to 28 U.S.C. § 1447(c), Plaintiff filed a Motion to Remand (Docket No. 11), accompanied by the supporting Declaration of Mateo Rendon Salazar with several attached exhibits (Docket No. 12). The Motion to Remand is based on the absence of complete diversity of citizenship because Plaintiff and defendant Campbell are both citizens of California and defendant Campbell was not fraudulently joined. (Docket No. 11 at 7-12).

On October 2, 2025, Defendant filed an Opposition to the Motion to Remand ("Opposition") (Docket No. 15), accompanied by the supporting Declaration of Tammi Campbell ("Campbell Decl.") dated October 2, 2025, with an attached exhibit (Docket No. 15-1).

On October 15, 2025, Plaintiff filed a Reply to the Opposition ("Reply"). (Docket No. 16).

Thus, this matter now is ready for decision. For the reasons stated below, the Court denies the Motion to Remand.

## II.
## LEGAL AUTHORITY

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A district court has original jurisdiction of a civil action where the "matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs," and the matter in controversy is between "citizens of different States[.]" 28 U.S.C. § 1332(a); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction overs suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.") (citing 28 U.S.C. § 1332(a)).

A defendant may remove an action from state court to a district court if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); see also Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.") (citation omitted); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1000 (2002) ("Diversity jurisdiction, including the amount in controversy, is determined at the instant of removal.").

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Hunter, 582 F.3d at 1043 (citation and internal quotation marks omitted); see also

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk  RAM

<u>Grancare, LLC</u>, 889 F.3d at 548 ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.") (citation omitted); <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."). "Fraudulent joinder . . . 'is a term of art.'" <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted); <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder is deemed fraudulent when a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." <u>Morris</u>, 236 F.3d at 1067 (citation omitted); <u>see</u> <u>also</u> Hunter, 582 F.3d at 1046 ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (citation and internal quotation marks omitted). "[T]he party invoking federal court jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against fraudulent joinder.'" <u>Weeping Hollow Avenue Trust v. Spencer</u>, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing <u>Hunter</u>, 582 F.3d at 1046); <u>see</u> <u>also</u> <u>Hamilton Materials, Inc. v. Dow Chemical Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.") (citation omitted). A court may consider facts outside of the pleadings to determine whether joinder of a non-diverse defendant is fraudulent. See <u>Ritchey</u>, 139 F.3d at 1318; <u>see</u> <u>also</u> <u>McCabe</u>, 811 F.2d at 1339 ("The defendant seeking removal of the federal court is entitled to present the facts showing the joinder to be fraudulent.").

". . . [R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 698 (9th Cir. 2005) (citation omitted); <u>see</u> <u>also</u> <u>Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed against removal jurisdiction.") (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Id.</u> (citation omitted).

## II.
## DISCUSSION

As noted, Plaintiff has moved to remand this action based on the absence of complete diversity of citizenship.

Initials of Deputy Clerk <u>RAM</u>

A.    This Court Has Jurisdiction Based on Diversity of Citizenship.[2]

Plaintiff contends that there is not complete diversity of citizenship supporting the removal of this action. (Docket No. 11; see Docket No. 16). Plaintiff, a resident of the County of Riverside, claims that there is not complete diversity of citizenship because defendant Campbell, also a resident of the County of Riverside, is a party to this action. (Id. at 7-8). Plaintiff further claims that defendant Campbell was not fraudulently joined because the allegations in the Complaint are sufficient to state colorable claims of premises liability and negligence against defendant Campbell. (Id. at 9-12).

In response, Defendant argues that defendant Campbell was named as a defendant in an effort to defeat diversity jurisdiction. (Docket No. 15 at 5-12). As support for its argument, Defendant relies on the absence of specific factual allegations in the Complaint against defendant Campbell, as well as on evidence that defendant Campbell was not involved in the underlying incident. (Id. at 10-12).[3]

Contrary to Plaintiff's assertions (see Docket No. 11 at 10-12; Docket No. 16 at 8-14), the allegations in the Complaint are insufficient to state viable, or even possibly viable, claims of premises liability and general negligence against defendant Campbell. As Defendant notes, the Complaint does not allege any specific factual allegations against defendant Campbell. There are no allegations in the Complaint that defendant Campbell was personally involved in the underlying incident, and Defendant has submitted evidence that defendant Campbell was not personally involved in the underlying incident (which Plaintiff has not attempted to rebut). Indeed, in the Complaint, Plaintiff does not even allege in what capacity defendant Campbell was employed by Costco. Since there is not a possibility that a state court would find that the allegations in the Complaint are sufficient to state causes of action for premises liability and/or general negligence against defendant Campbell, Defendant has met its heavy burden of showing that defendant Campbell was fraudulently joined in this action.

---

[2]    Because Plaintiff does not contend that removal of this action was improper based on the amount of the matter in controversy, the Court, for purposes of the Motion to Remand, assumes that the matter in controversy exceeds $75,000.00.

[3]    In a Declaration, defendant Campbell declared, in pertinent part, that: On the day of the underlying incident, she was employed by Costco as the General Manager of the Costco warehouse in Palm Desert, California; she was not on duty the day of the underlying incident, and was not present at the time of the underlying incident; she did not review or sign for any of the safety inspects the day of the underlying incident; she did not supervise, direct, or otherwise oversee any employee involved in the safety inspection or incident response on the day of the underlying incident; she was not involved in the safety training of employees; and she had no knowledge of Plaintiff's alleged slip and fall when it happened, did not witness it, and did not play any role in Costco's immediate response that day. (Campell Decl. at ¶¶ 2, 4, 6-9). Attached to the Declaration is Floor-Walk / Safety Inspection Report for the day on which the underlying incident occurred (which does not contain defendant Campbell's name). (Campbell Decl. at ¶¶ 4-5, Exhibit A).

In the Reply, Plaintiff asserts that, even if the allegations in the Complaint against defendant Campbell are sparse, "[r]emand is required **unless** Defendant Costco can show that the deficiency in Plaintiff's Complaint cannot be cured by granting Plaintiff leave to amend." (Docket No. 16 at 14; emphasis in original) (citing GranCare, LLC, 889 F.3d at 550). In GranCare, LLC, a case which the district court had remanded, the Ninth Circuit held: "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." GranCare, LLC, 889 F.3d at 550.

It appears to the Court that Plaintiff's reliance on GranCare, LLC as support for the broad proposition that a case should be remanded if a plaintiff could amend a complaint to state a claim against a particular defendant is unfounded. The Ninth Circuit's discussion was in the context of comparing the standards for fraudulent joinder and Rule 12(b)(6). See GranCare, LLC, 889 F.3d 449-50. There is no indication that the Ninth Circuit held or suggested that the mere possibility that an amended complaint could state a claim against a particular defendant was in itself enough to remand a case. If that were the case, then all, if not most, cases removed to federal court based on diversity jurisdiction would be remanded.

Accordingly, Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED**.